Filed 10/28/15  P. v. Traylor CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B261598 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA421942) |
| v. | |
| GLENN EDWARD TRAYLOR, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, David M. Horwitz, Judge.  Affirmed.

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————

## PROCEDURAL AND FACTUAL BACKGROUND

After waiving his right to a preliminary hearing, Glenn Edward Traylor pleaded guilty on March 4, 2014 to two counts of second degree burglary (Pen. Code, § 459) and admitted having previously served 19 separate prison terms for felonies (Pen. Code, § 667.5, subd. (b)) as charged in a felony complaint. The court sentenced Traylor to the upper term of three years on each count to be served concurrently and dismissed a prior strike allegation and the prior prison term enhancements in the interests of justice.

On December 11, 2014, Traylor filed a petition seeking to reduce his felony convictions for second degree burglary to misdemeanors under Proposition 47, the Safe Neighborhood and Schools Act (Pen. Code, § 1170.18). The trial court denied the petition, finding Traylor was not eligible for resentencing under Proposition 47. Traylor filed a timely notice of appeal.

## DISCUSSION

We appointed counsel to represent Traylor on appeal. After examination of the record, counsel filed an opening brief in which no issues were raised. On June 16, 2015 we advised Traylor he had 30 days within which to submit any contentions or issues he wished us to consider. We have received no response.

"Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) To this end, "Proposition 47 (1) added chapter 33 to the Government Code (§ 7599 et seq.), (2) added sections 459.5, 490.2, and 1170.18 to the Penal Code, and (3) amended Penal Code sections 473, 476a, 496, and 666 and Health and Safety Code sections 11350, 11357, and 11377. (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of

2

Prop. 47, §§ 4-14, pp. 70-74.)" (*Ibid.*) Traylor's conviction for second degree burglary (burglary of an automobile) is not within the scope of Proposition 47.

We have examined the entire record and are satisfied Traylor's appellate attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 118-118; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The order is affirmed.

BECKLOFF, J[*]

We concur:

PERLUSS, P. J.

ZELON, J.

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.